UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TREVIS C. JOHNSON,

        Plaintiff,                        Case No. 1:14-cv-395

v.                                                 Honorable Paul L. Maloney

TERRY J. NOLAN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed.

## Factual Allegations

Plaintiff Trevis C. Johnson is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility. According to his MDOC

profile, he was convicted of domestic violence, Mich. Comp. Laws § 750.814 and first-degree home invasion, Mich. Comp. Laws § 750.110a(2), after entering a plea of nolo contendere in Muskegon County Circuit Court.[1]  In this action, he sues the following individuals involved in his criminal proceedings: Attorneys Terry J. Nolan, Ronald Panucci and Ronald Ambrose; Muskegon County Prosecutors Dale J. Hilson and Mathew Roberts; and Judge James Graves.  Plaintiff also purports to sue the Muskegon County Prosecutor's Office.

According to the complaint, Defendant Panucci, Plaintiff's "district court" attorney, forged a circuit court arraignment form on November 30, 2011. (Compl., docket #1, Page ID#3.) In addition, Plaintiff's "retained" attorney, Defendant Nolan, adjourned Plaintiff's criminal trial without first requesting an evidentiary hearing or preparing for trial.  Defendant Nolan also attempted to withdraw on the first day of trial, but his motion was denied.  He then "coerced" Plaintiff to enter into a plea bargain, claiming that Plaintiff was guilty.  Defendant Nolan then "bailed on" Plaintiff at the sentencing hearing, by filing a motion to withdraw that was granted by Judge Graves.  (*Id.*)

Plaintiff also asserts that Prosecutor Hilson is liable for prosecuting Plaintiff, apparently because Plaintiff notified the Muskegon bar association about his attorney's drug addiction relapse while Plaintiff's case was being tried.  Plaintiff appears to claim that either Hilson or his attorney were subject to a "conflict of interest." (*Id.*)  Plaintiff further alleges that Prosecutor Roberts forged "arrest complaints," had Plaintiff arrested and detained during an investigation, filed a request for an arrest warrant on "unwarranted allegations," and arraigned Plaintiff twenty-four hours after confinement.  (*Id.*)

---

[1] http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=246092 (accessed July 10, 2014).

Next, Plaintiff asserts that Judge Graves abused his discretion by preventing Plaintiff from retaining his attorney of choice, because Judge Graves would not allow Defendant Nolan to withdraw as Plaintiff's defense counsel prior to trial.

Based on the foregoing, Plaintiff asserts the following claims: (1) wrongful incarceration; (2) ineffective assistance of counsel; (3) violation of due process; (4) abuse of discretion; and (5) prosecutorial misconduct. (*Id.* at Page ID#4.)  As relief, Plaintiff seeks recovery of his $1,500 retainer, an evidentiary hearing, withdrawal of his plea, and a new trial.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

### A. Insufficient allegations - Defendant Ambrose

Plaintiff does not mention Defendant Ambrose in the body of the complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-

1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").  Because Plaintiff's allegations concerning Defendant Ambrose fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), Defendant Ambrose will be dismissed.

### B.  Non-Entity - Muskegon County Prosecutor's Office

Plaintiff names the Muskegon County Prosecutor's Office as a defendant to this action, but the county prosecutor's office is not a separate entity subject to suit. As this Court explained in *Hughson v. County of Antrim*, 707 F. Supp. 304 (W.D. Mich. 1988):

> Michigan is a jurisdiction in which the sheriff and prosecutor are constitutional officers, and there does not exist a sheriff's department or a prosecutor's office. Instead, the sheriff and the prosecutor are individuals, elected in accordance with constitutional mandates. Mich. Const. Art. 7, § 4. Since the sheriff's department and the prosecutor's office do not exist, they obviously cannot be sued.

*Id.* at 306.  Thus, the Muskegon County Prosecutor's Office is not a proper defendant.

To the extent that Plaintiff intends to sue Muskegon County, he fails to state a claim. A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff.  *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made.  *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996).  The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that

policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09. Plaintiff's claim fails at this first step because his allegations have not identified a policy or custom of the county. Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86–3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987). Consequently, the Muskegon County Prosecutor's Office will be dismissed for failure to state a claim.

### C.  Private Actors – Defendants Nolan, Panucci

Plaintiff fails to state a claim against his defense attorneys, Defendants Nolan and Panucci, because they are not state actors under § 1983. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel performs a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. Once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. Even when defense counsel is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel acts purely on behalf of the client and is free from state control. *Id*. The Sixth Circuit has adhered to the holding in *Polk County* in numerous decisions. *See, e.g., Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional

functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cnty. Pub. Defender*, 501 F.3d 592, 611 (6th Cir. 2007) (same); *Harmon v. Hamilton Cnty. Ct. of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003). Accordingly, because Plaintiff's defense attorneys did not act under color of state law, no claim under § 1983 can be maintained against them.

    II.    <u>Immunity</u>

### A. Judicial Immunity - Defendant Graves

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that ruling on the motion for withdrawal of Plaintiff's attorney was a judicial act and that Judge Graves was acting within his jurisdiction in doing so. Accordingly, Judge Graves is absolutely immune from liability. Because Judge Graves is clearly immune from liability

in this case, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii).

Moreover, injunctive relief is also not available under § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, a claim for injunctive relief would also be barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

### B. Prosecutorial Immunity - Defendants Hilson, Roberts

Defendants Hilson and Roberts are also entitled to absolute immunity for their roles in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). For instance, the Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative

functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997).

Plaintiff alleges that Defendant Hilson was generally involved in prosecuting Plaintiff, which clearly falls within the prosecutor's role as advocate. Thus, Hilson is entitled to absolute prosecutorial immunity for a damages claim.

Plaintiff alleges that Defendant Roberts submitted "false" arrest complaints, and sought an arrest warrant on "unwarranted" grounds. (Compl., Page ID#3.) The Sixth Circuit has held that preparing and filing a criminal complaint and seeking an arrest warrant are "advocacy functions intimately associated with the judicial phase of the criminal process" to which immunity applies. *Ireland*, 113 F.3d at 1447. Thus, Defendant Roberts is also entitled to absolute prosecutorial immunity. As the only available relief sought by Plaintiff is damages,[2] Defendants Roberts and Hilson will be dismissed.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because Defendants Graves, Hilson and Roberts are immune from relief, and Plaintiff

---

[2]The injunctive relief sought by Plaintiff, overturning his plea and ordering a new trial, is not available to him in this action. Such relief would be available only after first attacking the validity his conviction, which may not be done in a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (holding that a petition for habeas corpus is the exclusive federal remedy for attacking the fact or validity of a prisoner's confinement).

fails to state a claim against Defendants Ambrose, Nolan, Panucci, and the Muskegon County Prosecutor's Office.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 16, 2014                   /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief United States District Judge